**Clyde HAMMONS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 185S21.**

Supreme Court of Indiana.

Sept. 2, 1986.

Timothy L. Bookwalter, Joseph P. Maguire, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Clyde Hammons filed a direct appeal in this Court seeking review of the sentences imposed upon him after conviction of manslaughter, a class B felony, Ind.Code § 35-42-1-3 (Burns 1985 Repl.), plus three other felonies and a misdemeanor. The trial court had ordered the maximum sentence on each conviction and determined that the sentences should be served consecutively.

This Court held that the sentence for manslaughter was impermissibly enhanced by the trial judge in response to what he perceived as error by the jury in not finding Hammons guilty of murder. We ordered that the manslaughter sentence be reduced to the standard term and otherwise affirmed the trial court. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250 (Givan, C.J., and Pivarnik, J., dissenting).

In his petition for rehearing, Hammons notes that he alleged that the trial judge's disagreement with the jury's verdict had been the basis for enhancing each of the other felonies upon which the jury rendered a verdict and the order that they be served consecutively. He correctly notes that we decided only whether the trial court "enhanced the voluntary manslaughter sentence to compensate for an erroneous jury verdict" and requests that we consider whether the remainder of the sentencing order should be modified for the same reason.

The findings issued by the trial judge in sentencing Hammons are extensive. They include the manner in which the crime was committed, Hammons' decision to abandon the victim, the fact that the victim was unarmed, and his apparent participation in ongoing drug sales.

The decision of the trial judge arrives in this Court with a presumption of regularity. Only where it is manifest that some improper or erroneous basis has been used do we modify the results of the trial judge's deliberations. The nature of the crimes committed by Hammons certainly suggest that a trial court could conclude that something other than standard sentences served concurrently would be appropriate. Furthermore, our review of the findings does not lead us to conclude that the judge's disapproval of the jury's decision on the count of murder was the basis for his decision concerning the sentences on the other offenses.

Accordingly, appellant's petition for rehearing is denied.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.