**Matt SCHECKEL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 67S00–9404–CR–382.**

Supreme Court of Indiana.

Sept. 28, 1995.

Susan K. Carpenter, Public Defender of Indiana, Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana, Joseph F. Pieters, Deputy Attorney General, Office of the Attorney General, Indianapolis, for appellee.

## ON DIRECT APPEAL

DeBRULER, Justice.

Appellant pled guilty under a plea agreement to a charge of murder. The trial court sentenced him to sixty years on the murder conviction. Ind.Code Ann. § 35–50–2–3 (West Supp.1994), Ind.Code Ann. § 35–38–1–7.1 (West Supp.1994). On appeal of the original sentence, this Court concluded that the trial judge had either erroneously overlooked or failed to consider evidence of significant mitigating circumstances in the record. *Scheckel v. State* (1993), Ind., 620 N.E.2d 681, 685–86 (hereinafter *Scheckel I* ). The original sentence was vacated and the cause was remanded for reconsideration of the sentence to be imposed. Between appellant's first sentencing proceeding and the remand of this case, the original trial judge, the Honorable William C. Vaughn, III, was replaced in the Putnam Circuit Court by Special Judge Jeffrey V. Boles. On remand, Judge Boles re-instated the original sixty year sentence. This is an appeal from that sentence. Ind.Appellate Rule 4(A)(7).

Appellant argues that his sentence should be vacated and the presumptive forty year sentence be imposed because the sentence:

1) is not supported by a reasoned statement balancing aggravating and mitigating circumstances; and

2) is manifestly unreasonable.

## Facts

On August 8, 1991, appellant Matthew J. Scheckel broke into Richard Couch's motel room and killed him by stabbing him eleven times. The State charged him with one count of murder and one count of burglary. On February 12, 1992, the State and the appellant filed a charge agreement with the trial court. This joint agreement provided that appellant would plead guilty to the murder charge and that the State would drop the burglary charge. Appellant pled guilty to the murder charge. On March 4, 1992, Judge William C. Vaughn, III, sentenced appellant to sixty years imprisonment for the murder.

Appellant then appealed his sentence to this Court. In his first appeal, appellant argued (1) that his sentence was either based on unfounded or erroneous aggravating circumstances and (2) that the sentencing judge overlooked significant mitigating circumstances supported by the record. He also argued that the original sentence imposed of sixty years was manifestly unreasonable. Without addressing the reasonableness of his sentence, we held that several mitigating circumstances had seemingly been ignored or overlooked by the trial court. Thus, we vacated appellant's sentence and remanded the cause to the trial court for re-sentencing. *Scheckel I,* 620 N.E.2d 681.

In the meantime, Special Judge Jeffrey V. Boles replaced Judge William C. Vaughn, III, in this case. The special judge presided over appellant's second sentencing hearing on December 28, 1993. Because he was present for neither the trial nor the original sentencing proceedings and refused to hear new evidence at sentencing, the special judge had only the transcript from the prior sentencing proceeding and a copy of this Court's opinion in *Scheckel I* to guide appellant's sentencing. On December 30, 1993, the special judge re-instated the original sixty year sentence.

## I. The Sentencing Statement

■ Appellant argues that his sentence is not supported by a reasoned statement balancing aggravating and mitigating circumstances as explained by this Court in *Scheckel I.* To assess the adequacy of the sentencing statement, one must first look to the pertinent language of the statement itself. Omitting procedural recitations, it reads as follows:

1. Matt Scheckel murdered the victim by stabbing him eleven times.
2. Matt Scheckel has an established prior criminal history.
3. Previous rehabilitative treatment of Matt Scheckel has been ineffective.

. . . .

. . . I have carefully reviewed the evidence presented regarding mitigating circumstances, the psychological and sociological significance of the testimony and the blame shifting nature of these disciplines. They present the current fad of "victimolo-

gy" as a justification for any type of anti-social or destructive behavior.

Should a Court consider that because a murderer's father is a drunk, the murderer is justified in a killing? Or should the lesson to the murderer be that is not behavior I am going to engage in?

Should a Court consider the unsubstantiated allegations that a murderer was sexually molested as a child as a justification or mitigation for a murder? Or is this merely sociology and psychology run rampant?

Did Matt Scheckel learn from his work record and character traits testified to at sentencing?

Is the fact that Matt Scheckel received no counseling of *any* significance in justification or mitigation of a brutal killing?

Somewhere along the line a person must be held responsible for his own conduct, not society, not the government, and not the counselor's couch.

The purpose of the criminal law then is to deter, punish and rehabilitate in that order.

Our elected Senators and House Members have put a value on a man's life. Should it be 60 years, 50 years, 40 years, 30 years? The mere mention of the sentence range depreciates the value of life.

I specifically reviewed the record in this case according to the Supreme Court Order to reconsider the sentence to be imposed and agree with Justice Givan that "when a judge is faced with the hard reality of an extremely brutal crime, it is unreasonable to expect him to enter into a long dissertation as to why he does not believe the impassioned plea of a grieving mother or the naive pontifications of biased friends." Nothing in the record indicates to me that the mitigating pontifications and sociology found by the Supreme Court after reviewing a trial transcript warrants a reduction in the sentence originally imposed by the Trial Court.

The Trial Court's 60 year sentence originally imposed is fair, right, and consistent with the obligation of a Trial Judge faced with the facts presented in this case.

With this statement, the special judge imposed the maximum term of sixty years allowed by the sentencing statute. *See* Ind. Code Ann. § 35–50–2–3 (West Supp.1994).

■■■■ The requirement of a reasoned sentencing statement serves two purposes. First, it safeguards against the imposition of arbitrary and capricious sentences. It insures that the sentencing judge only considers proper matters when imposing the sentence. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, 1254, *reh'g denied,* 496 N.E.2d 1284. Second, the statement allows a reviewing court to determine the reasonableness of the imposed sentence. *Id.* In order to fulfill those purposes, the sentencing statement must contain the following three elements:

> (1) it must identify all of the *significant* mitigating and aggravating circumstances, (2) it must state the specific reason why each circumstance is considered to be mitigating or aggravating, and (3) it must articulate that the court evaluated and balanced the mitigating circumstances to determine if the mitigating circumstances offset the aggravating circumstances.

*Id.* This Court has also held that the sentencing statement must not merely parrot phrases from the sentencing statute. *Robey v. State* (1990), Ind., 555 N.E.2d 145, 152. The statement must both refer to the specific nature of the offense and, just as importantly, address the specific character of the offender. *Id.* When a sentencing judge fails to provide a reasoned application of detailed facts to the various aggravators and mitigators contained in the sentencing statute, we will remand the sentence for a more complete explanation. In the present case, however, we have already done so once and are reluctant to so do again. *See Scheckel I,* 620 N.E.2d 681.

The sentencing statement here is deficient both for what it says and what it does not say. First, the sentencing statement here fails to specify which particular facts of this crime warrant a sentence enhancement of twenty years.[1] In the entire sentencing

---

1. The aggravating circumstances in this crime are listed in detail in *Scheckel I,* 620 N.E.2d at 683–85.

statement, only the first sentence even mentions a specific fact about the crime. Parroted statutory language, general conclusions, and personal opinion comprise the rest of the statement.

Second, the sentencing statement lacks important facts regarding appellant's character, upbringing, and job performance. In *Scheckel I*, we listed several significant mitigating circumstances which Judge Vaughn, the original sentencing judge, neglected to note in the first sentencing proceeding:

> In the present case, evidence presented in support of mitigating circumstances was substantial. During the sentencing hearing, fourteen persons, including members of the defendant's family, friends, a co-worker, and a pastor portrayed the defendant as a person with positive character traits: loving, trusted, caring, helpful, responsible, sensitive, not mean-natured, and a good person. The defendant had been employed at a department store and previously served as an orderly at a hospital. He had been a volunteer teacher in a community children's tumbling program, as well as assisting with a church activity. At the time the crime was committed, he had been accepted to the School of Nursing at Indiana University. The defendant was described as not being aggressive or threatening and not in need of long-term incarceration. His father was an alcoholic, a circumstance which affected the defendant and his entire family. The defendant was portrayed as a good worker with much promise. Although experiencing drinking problems, he was direct in facing the consequences. Testimony also indicated that the defendant's crime was not in keeping with his character.
>
> ... Evidence was also presented that the defendant had been sexually molested as a child, and two years before his arrest for murder, he was involved in an automobile accident in which a young mother of two was killed. He received no counseling for either event.

*Scheckel I*, 620 N.E.2d at 686 (citations to the record omitted). Like Judge Vaughn's statement, the special judge's statement also fails to mention these same facts and is similarly deficient. Furthermore, his statement fails to mention that the pre-sentencing report

and several job performance evaluations corroborate much of the testimony of appellant's family, friends, and co-workers.

■ Because the sentencing statement omits both significant aggravating and mitigating circumstances surrounding the crime, it cannot fulfill any of the three requirements set forth in *Hammons*. Rather than offer particular facts about the crime and the offender, it engages in a blunderbuss attack on the disciplines of psychology and sociology. Still, the sentencing statement does not explain why he found the evidence objectionable or suspect. To serve the purposes for which it is required, the sentencing statement must provide detailed facts "which are peculiar to the particular defendant and the crime, as opposed to general impressions and conclusions." *Gambill v. State* (1982), Ind., 436 N.E.2d 301, 304, quoting *Page v. State* (1981), Ind., 424 N.E.2d 1021, 1023.

■ Finally, the special judge's statements concerning the purposes of criminal punishment and the morality of the Legislature's sentencing statute reveal that the sentencing process was used for sending a personal philosophical message. As this Court has held in the past, such a use of the sentencing process is improper:

> We do not believe ... that a trial judge should be allowed to use the sentencing process as a method of sending a personal philosophical or political message. A trial judge's desire to send a message is not a proper reason to aggravate a sentence.

*Beno v. State* (1991), Ind., 581 N.E.2d 922, 924. The only plausible reading of the statement is that it was used for just such an improper purpose. Both its vituperative tone and lack of specificity lead one to conclude that the special judge ignored the mitigating circumstances, failed to identify and explain his use of the aggravating circumstances, and simply imposed the maximum sentence of sixty years on appellant.

## II. Reasonableness of the Sentence

■ Appellant argues that the maximum enhanced sentence of sixty years is manifestly unreasonable for this particular crime and this particular offender. Specifically, he ar-

gues that the significant mitigating circumstances listed in *Scheckel I* merit the imposition of the presumptive term of forty years, rather than an enhanced term of sixty years.

This Court will not revise a sentence authorized by statute except where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.Appellate Rule 17(B)(1). A sentence is not manifestly unreasonable unless no reasonable person could find the sentence appropriate to the particular offense and offender for which it was imposed. App. R. 17(B)(2). Under art. 7, § 4 of the Indiana Constitution, this Court has the authority to revise and order the imposition of a new sentence.

█ Given the evidence presented at trial and at sentencing, we still hold that the murder merits an enhanced sentence. *See Scheckel I,* 620 N.E.2d at 684–85. A sixty-year sentence, however, is simply too excessive. Two specific facts inform this conclusion. First, appellant pled guilty to the murder charge, thus saving the court time and resources and sparing the victim's family from enduring a full-blown trial. Second, the fact that he pled guilty demonstrates his acceptance of responsibility for the crime and at least partially confirms the mitigating evidence regarding his character. As this Court has said before, "a defendant who willingly enters a plea of guilty has extended a substantial benefit to the state and deserves to have a substantial benefit extended to him in return." *Williams v. State* (1982), Ind., 430 N.E.2d 759, 764, *app. dismissed,* 459 U.S. 808, 103 S.Ct. 33, 74 L.Ed.2d 47 (1982).

In spite of the special judge's protests, we believe the mitigating evidence produced at trial and the sentencing proceeding went beyond "the naive pontifications of biased friends." Though the subjective beliefs of family and friends may be biased in any trial and may color their testimony, the objective facts of appellant's behavior at trial and work performance add a measure of credibility to their testimony. Just as the aggravators mentioned in *Scheckel I* command an enhanced sentence, so too do the mitigating circumstances warrant some leniency in sentencing appellant. Therefore, we hold that the sixty year sentence is manifestly unreasonable and impose a sentence of fifty years.

### Conclusion

Accordingly, the sentence is vacated and the cause is remanded to the trial court for imposition of a term of fifty years.

SHEPARD, C.J., and SULLIVAN and SELBY, JJ., concur.

DICKSON, J., dissents with opinion.

DICKSON, Justice, dissenting.

When this Court reviewed the initial sentencing order in this case, we noted that Judge Vaughn expressly found "that there are no mitigating circumstances," but we discovered that the record contained evidence of significant mitigating circumstances not acknowledged or discussed by Judge Vaughn, leading us to conclude that such evidence was either erroneously overlooked or not properly considered. *Scheckel v. State* (1993), Ind., 620 N.E.2d 681, 686. Accordingly, we remanded for "reconsideration of the sentence." *Id.* Our opinion did not demand that the trial judge give those mitigating circumstances sufficient weight to overcome the aggravating circumstances. We required only that the trial judge give consideration to such evidence and that the new sentencing order reflect that fact.

Judge Boles, as successor to the original trial judge, has complied with our instructions. His sentencing order expressly reflects his individualized recognition and consideration of each of the alleged mitigating circumstances and his conclusion that they did not warrant a reduction in sentence. Clearly, his order reconsidering the sentence demonstrates that the mitigating circumstances have not been overlooked but were carefully considered. I would therefore affirm his sentencing order.