ATTORNEYS FOR APPELLANT
Susan Carpenter
Public Defender of Indiana

Mary Joan Hamilton
Deputy Public Defender
Bloomington, IN

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, IN

# In the
# Indiana Supreme Court

No. 53S01-0506-CR-278

ROSE M. SOWDERS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Monroe Circuit Court, No. 53C04-0208-MR-00787
The Honorable Elizabeth N. Mann, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 53A01-0310-CR-00404

**June 16, 2005**

**SHEPARD, Chief Justice.**

Appellant Rose M. Sowders received three consecutive enhanced sentences for murder. While the aggravating circumstances warranted ordering consecutive sentences, using them to enhance the individual counts violates Blakely v. Washington. We remand for possible further consideration.

1

**Facts and Procedural History**

Rose M. Sowders pled guilty but mentally ill to three counts of murder. The trial court found a total of four aggravating circumstances, including: 1) a substantial level of planning and aforethought; 2) failure to accept responsibility; 3) a lack of remorse; and 4) certain circumstances of the crimes (shots fired at close range, defenseless victims, the young age of one of the victims, a demonstrated level of callousness, and a fair amount of time for reflection between murders). The court found two mitigating circumstances -- no criminal history and mental illness. It sentenced Sowders to sixty-two years for count I, fifty-seven years for count II, and fifty-seven years for count III, all to run consecutively. The fixed term presumptive sentence for murder is fifty-five years. Ind. Code Ann. § 35-50-2-3(a) (West 2004).

**Analysis**

Sowders preserved a Blakely claim in her initial appellate brief by challenging her sentence and arguing Blakely on rehearing. See Smylie v. State, 823 N.E.2d 679, 689-91 (Ind. 2005); (Appellant's Br. at 9-14). The Court of Appeals affirmed Sowders' sentence, Sowders v. State, No. 53A01-0310-CR-00404 (Ind. Ct. App. July 30, 2004), and then denied her petition for rehearing. We grant transfer to address Sowders' Blakely claim, but summarily affirm the Court of Appeals' disposition of her claim about certain mitigators. Ind. Appellate Rule 58(A).

Sowders' enhanced sentences were based on various aggravating factors that were neither prior convictions, nor reflected in the jury's verdict, nor admitted by Sowders. Also, Sowders did not stipulate to the relevant facts or consent to judicial factfinding when she pled guilty. The enhancements were thus improper. Blakely, 542 U.S. at __, 124 S.Ct. at 2536-37, 2541; United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 756 (2005).

The consecutive sentences, however, do not violate Sowders' Sixth Amendment right to trial by jury. See Smylie, 823 N.E.2d at 686. The aggravating circumstances the court found were adequate to support consecutive sentences.

## Conclusion

We vacate the trial court's enhancement of the sentences for each crime and remand with instructions to impose three consecutive sentences of fifty-five years unless the State elects to prove aggravating circumstances before a jury.

Dickson, Boehm, and Rucker, JJ., concur.
Sullivan, J., concurs and dissents with separate opinion.

**Sullivan, Justice, concurring and dissenting.**

I agree with the Court that Sowders's sentence enhancements are not permitted under Blakely. I respectfully dissent, however, from the Court's decision to remand the case to the trial court with instructions to impose an executed sentence of 165 years (with the potential of even more if the State elects to prove aggravating circumstances before a jury).

The Indiana Constitution provides, "The Supreme Court shall have, in all appeals of criminal cases, the power to . . . review and revise the sentence imposed." Ind. Const. art. VII, § 4. Pursuant to this authority, we have provided by rule that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

I believe that a sentence in the order of magnitude sanctioned by the Court here (at least 165 years, with the potential of even more) is not appropriate in light of the nature of this offense and the character of this offender. I would exercise our authority to review and revise sentences to reduce the sentence imposed in this case.

The multiple murders committed here are aggravating circumstances entitled to weight in the highest range. But I also believe that there are mitigating circumstances here entitled to significant weight.

First, Sowders had no criminal history whatsoever. I have previously expressed the view that absence of criminal history is the weightiest of all mitigating circumstances. Prowell v. State, 687 N.E.2d 563, 572 (Ind. 1997) (Sullivan, J., dissenting), post-conviction relief granted, 741 N.E.2d 704 (Ind. 2001).

Second, a trial court's judgment of guilty but mentally ill has regularly been given mitigating weight by this Court. See, e.g., Crawford v. State, 770 N.E.2d 775, 783 (Ind. 2002)

4

(reduction of defendant's 65-year sentence to the presumptive 55 years in part due to the "significant mitigating circumstance" of defendant's mental illness); Weeks v. State, 697 N.E.2d 28, 31 (Ind. 1998) (reduction of defendant's 60-year sentence to the presumptive sentence of 50 years due to defendant's mental illness); Archer v. State, 689 N.E.2d 678, 685-86 (Ind. 1997) (defendant's long-standing mental illness should have been considered as a mitigator and therefore warranted a reduction in defendant's total sentence); Gambill v. State, 675 N.E.2d 668, 677-78 (Ind. 1996) (defendant's mental illness was a substantial mitigator calling for the imposition of the presumptive sentence); Mayberry v. State, 670 N.E.2d 1262, 1271 (Ind. 1996) (finding an abuse of discretion where the trial court failed to consider defendant's mental illness as a mitigator; remanded for imposition of presumptive sentence); Barany v. State, 658 N.E.2d 60, 67 (Ind. 1995) (finding a relationship between defendant's mental illness and the commission of the crime; remanded for imposition of presumptive sentence).

Third, a guilty plea demonstrates a defendant's acceptance of responsibility for the crime. Scheckel v. State, 655 N.E.2d 506, 511 (Ind. 1995). A guilty plea further extends a benefit to the State and the victim or the victim's family by avoiding a full-blown trial. Id. Thus, a defendant who pleads guilty deserves to have some mitigating weight extended to the guilty plea in return. Id. Accord, Widener v. State, 659 N.E.2d 529, 534 (Ind. 1995); Hardebeck v. State, 656 N.E.2d 486, 493 (Ind. Ct. App. 1995), trans. denied.

Based on these considerations, I would reduce the sentence imposed in this case.