SULLIVAN, Justice,
concurring and dissenting.
I agree with the Court that Sowderss sentence enhancements are not permitted under Blakely. I respectfully dissent, however, from the Court's decision to remand the case to the trial court with instructions to impose an executed sentence of 165 years (with the potential of even more if the State elects to prove aggravating cireumstances before a jury).
The Indiana Constitution provides, "The Supreme Court shall have, in all appeals of criminal cases, the power to ... review and revise the sentence imposed." Ind. Const. art. VII, § 4. Pursuant to this authority, we have provided by rule that "[the Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." . Ind. Appellate Rule 7(B).
I believe that a sentence in the order of magnitude sanctioned by the Court here (at least 165 years, with the potential of even more) is not appropriate in light of the nature of this offense and the character of this offender. I would exercise our authority to review and revise sentences to reduce the sentence imposed in this case.
The multiple murders committed here are aggravating circumstances entitled to weight in the highest range. But I also believe that there are mitigating circumstances here entitled to significant weight.
First, Sowders had no criminal history whatsoever. I have previously expressed the view that absence of criminal history is the weightiest of all mitigating ciream-stances. Prowell v. State, 687 N.E.2d 563, 572 (Ind.1997) (Sullivan, J., dissenting), post-conviction relief granted 741 N.E.2d 704 (Ind.2001).
Second, a trial court's judgment of guilty but mentally ill has regularly been given mitigating weight by this Court. See, eg., Crawford v. State, 770 N.E.2d 775, 783 (Ind.2002) (reduction of defendant's 65-year sentence to the presumptive 55 years in part due to the "significant mitigating cireumstance" of . defendant's mental illness); Weeks v. State, 697 N.E.2d 28, 31 (Ind.1998) (reduction of defendant's 60-year sentence to the presumptive sentence of 50 years due to defendant's mental illness); Archer v. State, 689 N.E.2d 678, 685-86 (Ind.1997) (defendant's long-standing mental illness should have been considered as a mitigator and therefore warranted 13 reduction in defendant's total sentence); Gambill v. State, 675 N.E.2d 668, 677-78 (Ind.1996) (defendant's mental illness was a substantial mit-igator calling for the imposition of the presumptive sentence); Mayberry v. State, 670 N.E.2d 1262, 1271 (Ind.1996) (finding an abuse 'of discretion where the trial court failed to consider defendant's mental illness as a mitigator; remanded for imposition of presumptive sentence); Barany v. State, 658 N.E.2d 60, 67 (Ind.1995) (finding a relationship between defendant's mental illness and the commission of the crime; remanded for imposition of presumptive sentence). .
Third, a guilty plea demonstrates a defendant's acceptance of responsibility for the crime. Scheckel v. State, 655 N.E.2d 506, 511 (Ind.1995). A guilty plea further extends a benefit to the State and the victim or the victim's family by avoiding a full-blown trial. Id. Thus, a defendant who pleads guilty deserves to have some mitigating weight extended to the guilty *21 plea in return. Id. Accord, Widener v. State, 659 N.E.2d 529, 534 (Ind.1995); Hardebeck v. State, 656 N.E.2d 486, 493 (Ind.Ct.App.1995), trans. denied.
Based on these considerations, I would reduce the sentence imposed in this case.