SULLIVAN, Justice,
dissenting.
The Court here exercises its authority under Article VII, § 4, of the Indiana Constitution and Indiana Appellate Rule 7(B) to review Salyers’s sentence but concludes that life without possibility of parole imposed by the trial court is appropriate. I respectfully disagree.
Salyers committed a heinous crime, the killing of a law enforcement officer in the line of duty. This is an aggravating circumstance that warrants extremely severe sanction. Timberlake v. State, 753 N.E.2d 591, 609 (Ind.2001) (quoting Lambert v. State, 675 N.E.2d 1060, 1066 (Ind.1996)).
But there are substantial mitigating circumstances here as well. The trial court found that Salyers’s “capacity to appreciate the criminality of his conduct or to conform his conduct to the requirement of law was substantially impaired as a result of mental disease or defect.” In point of fact, Salyers’s crime appears to have been a suicide attempt. His highly incriminating sworn confession included the following: “I planned to do these shootings over the last two days. I did the shootings because I wanted the police to kill me.”
As the Court recites, Salyers’s mental problems are severe. Following his arrest, he was found incompetent to stand trial and was held in custody at a state mental illness hospital. It was not until four years later that he was even able to stand trial. When that time came, the State agreed that Salyers was mentally ill, entering into a plea agreement with him that he was guilty but mentally ill.
This Court has regularly found that the mitigating weight attributable to guilty-but-mentally-ill defendants warrants imposition of a presumptive sentence. See Crawford v. State, 770 N.E.2d 775, 782-83 (Ind.2002) (reduction of defendant’s 65-year sentence to the presumptive 55 years in part due to the “significant mitigating circumstance” of defendant’s mental illness); Weeks v. State, 697 N.E.2d 28, 31 (Ind.1998) (reduction of defendant’s 60-year sentence to the presumptive sentence of 50 years due to defendant’s mental illness); Gambill v. State, 675 N.E.2d 668, 677-78 (Ind.1996) (defendant’s mental illness was a substantial mitigator calling for the imposition of the presumptive sentence); Mayberry v. State, 670 N.E.2d 1262, 1271 (Ind.1996) (finding an abuse of discretion where the trial court failed to consider defendant’s mental illness as a mitigator; remanded for imposition of presumptive sentence); Barany v. State, 658 N.E.2d 60, 67 (Ind.1995) (finding a relationship between defendant’s mental illness and the commission of the crime; remanded for imposition of presumptive sentence).
The trial court also found that Salyers had no criminal record at all — “a records inquiry did not reveal a juvenile or adult record, other than the pending Instant Offense.” I believe absence of criminal history is among the weightiest of all mitigating circumstances. See Prowell v. State, 687 N.E.2d 563, 572 (Ind.1997) (Sullivan, J., dissenting), post-conviction relief granted, 741 N.E.2d 704 (Ind.2001).
Finally, Salyers did plead guilty. Our precedents recognize this as a mitigating circumstance because it demonstrates a defendant’s acceptance of responsibility for the crime and extends a benefit to the state and the victim or the victim’s family *656 by avoiding a full-blown trial. Scheckel v. State, 655 N.E.2d 506, 511 (Ind.1995).
I do not agree with Salyers that he is entitled to the presumptive sentence here — the aggravating circumstance is too weighty. But in light of the weight of the mitigating circumstances, I would impose upon Salyers a sentence of 65 years, the maximum term of years for the crime of murder.