SULLIVAN, Justice,
dissenting.
I respect the analysis of Michelle’s sentence by the trial court and my colleagues and agree with it in many respects. But this Court has never affirmed a sentence of life without possibility of parole for a mother who has pled guilty to killing her child or stepchild and I do not believe we should do so here.
It is clear that the weight of the aggravating circumstances here is in the highest range. As such, I will not explore whether the tragic events leading up to Aiyana’s death fit within the statutory definition of torture. Rather, I will focus my attention on the.relative weight of the mitigating circumstances.
Michelle pled guilty to the crime charged. A guilty plea demonstrates a defendant’s acceptance of responsibility for the crime and at least partially confirms the mitigating evidence regarding his or her character. Scheckel v. State, 655 N.E.2d 506, 511 (Ind.1995). A guilty plea further extends a benefit to the State and the victim or the victim’s family by avoiding a full-blown trial. Id. Under the circumstances of this case, I would assign weight to this mitigating circumstance in the low range.
The forensic psychologist who evaluated Michelle diagnosed her as suffering from several psychological disorders, some of which were caused by difficult experiences in childhood. Precedent supports consideration of “a disadvantaged background, or to emotional and mental problems” in assessing the appropriateness of a sentence. See California v. Brown, 479 U.S. 538, 545, 107 S.Ct. 837, 93 L.Ed.2d 934 (1987) (O’Connor, J., concurring). Under the circumstances of this ease, I would assign weight to this mitigating circumstance also in the low range.
Michelle’s Presentence Investigation Report (PSI) indicates that although Michelle had had some previous encounters with the law, this was her first criminal convic *106 tion. In my view, absence of criminal history is the weightiest of all mitigating circumstances. See Prowell v. State, 687 N.E.2d 563, 572 (Ind.1997) (Sullivan, J., dissenting), post-conviction relief granted, 741 N.E.2d 704 (Ind.2001).
Most troubling to me about this case is the role and relative punishment received by Michelle’s husband, Christian Gauvin. Prior to meeting and marrying Christian, Michelle and another man had had two children. The record indicates that Michelle was a good mother to these children. (The PSI reports that child protective services authorities never had to intervene on behalf of these two children.)
Aiyana was the daughter of Christian and another woman. Aiyana’s mother was unable to care for her properly and Christian was given custody in a CHINS proceeding prior to Christian and Michelle meeting. Christian and Michelle were married in February 2005, but the record suggests that for perhaps a year before that, they had been living together with Aiyana and Michelle’s two children. The record indicates to me that during this relationship, Christian brought violence into Michelle’s life. Michelle herself reported that she had been abused and controlled by Christian. These reports were documented by the forensic psychologist, and some of them were substantiated by Michelle’s medical records and by other parties the psychologist interviewed. Michelle also reported that Christian had been the source of much of the physical abuse inflicted on Aiyana. (Christian contends to the contrary.) Christian does have a prior conviction for Battery on a Child, apparently for beating up a 13-year-old boy with whom he was angry.
Christian was charged in connection with Aiyana’s death for Class A Neglect of a Dependent, for which he was sentenced to the maximum term of 50 years. See Gauvin v. State, 878 N.E.2d 515 (Ind.Ct.App.2007), trans. denied (Mar. 13, 2008). I respect the determination of the trial court and my colleagues that Michelle should spend the rest of her life in prison without possibility of parole. But in my view, Christian participated in the same series of acts as Michelle and her sentence is disproportionately severe. The Probation Department recommended that Michelle not be sentenced to life without parole but instead that she be sentenced to 105 years (consecutive maximum sentences of 65 years for murder, 20 years for confinement, and 20 years for neglect of a dependent). I would follow the recommendation of the Probation Department except that I would impose the sentences concurrent to one another for a total of 65 years.