## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 21 2016, 7:49 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brandon S. Spalding,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 21, 2016

Court of Appeals Case No.
22A01-1510-CR-1607

Appeal from the Floyd Superior
Court

The Honorable Maria D. Granger,
Judge

Trial Court Cause No.
22D03-0904-FA-964

**Altice, Judge.**

## Case Summary

[1] After admitting that he violated the terms of his probation, the trial court revoked the entirety of Brandon S. Spalding's suspended, three-year sentence. Spalding argues that such amounted to an abuse of discretion.

[2] We affirm.

## Facts & Procedural History

[3] On April 20, 2009, Spalding and three accomplices kicked in Tyson Brownlee's apartment door, struck him several times, and then Spalding and another shot at him with handguns as he ran away. On April 22, 2009, the State charged Spalding with attempted murder and burglary resulting in bodily injury, both Class A felonies. On August 12, 2009, Spalding entered into a plea agreement with the State, whereby he agreed to plead guilty to an amended charge of criminal recklessness as a Class C felony. The State agreed to dismiss the attempted murder charge and further agreed that the sentence imposed would be eight years, with four years suspended to supervised probation. The trial court sentenced Spalding accordingly on September 14, 2009.

[4] The State filed its first petition to revoke Spalding's probation on December 9, 2010, alleging that he had failed to maintain good behavior and that he had committed another crime. On February 9, 2011, Spalding and the State entered into a plea agreement in another criminal case in which Spalding agreed to plead guilty to two counts of Class D felony perjury. In exchange, the State agreed to an aggregate three-year sentence and to dismiss the petition to revoke probation in this case.

[5] Spalding was released to probation on October 29, 2012. On January 1, 2013, he was arrested for possession of a controlled substance, maintaining a common nuisance, dealing in marijuana, and possession of marijuana. The State filed a second petition to revoke Spalding's probation on February 26, 2013, for failing to behave, committing new crimes (based on January 1, 2013 arrest), using alcohol and/or drugs, and failing to pay fees. At a probation revocation hearing on August 14, 2013, Spalding admitted to violating his probation and the court modified his suspended sentence to four years with one year of home detention and three years suspended to probation.

[6] Spalding started home detention on August 27, 2013. In September and October, he went to unauthorized locations and failed to attend a Thinking for Change class. He also failed a drug screen on September 20, 2013, testing positive for opiates and marijuana. Based on the foregoing, the State filed a petition to revoke Spalding's home detention on October 9, 2013. Following a hearing on November 20, 2013, the trial court revoked Spalding's placement on home detention and ordered him to serve one year in the Department of Correction (DOC) followed by three years of probation.

[7] The State filed another petition to revoke probation on July 31, 2014. The State amended its petition on October 3, 2014, October 23, 2014, and January 16, 2015. In the January 16 amended petition, the State alleged that Spalding violated the following terms of his probation: (1) failure to maintain good behavior; (2) committing criminal acts in Kentucky; (3) failure to report to probation; (4) failure to comply with community service; (5) failure to comply

with Thinking for a Change; (6) use of alcohol and/or controlled substances not prescribed by a physician; and (7) failure to pay fees. The State filed a fourth amended notice of probation violation on June 24, 2015, which recounted in more detail the allegations in the January 16 amended petition. Specifically, the fourth amended notice detailed that Spalding had been arrested in Kentucky in one case for possession of marijuana, in a second case for possession of a controlled substance in the second degree, in a third case for possession of a controlled substance in the first degree and criminal possession of a forged instrument, and in a fourth case for giving an officer a false name and identity theft. It was further noted that Spalding had a positive screen for drugs on June 9, July 18, August 25, and October 14, 2014.

[8]     The trial court held a probation revocation and dispositional hearing on September 23, 2015, at which Spalding admitted to all of the alleged violations of his probation as outlined in the fourth amended notice of probation violation. With regard to disposition, Spalding's probation officer testified, summarizing his past conduct and his unwillingness to initiate treatment for drugs and alcohol. She further testified that Spalding is not "a candidate for probation" because he has "been unable to comply with the conditions of the probation." *Transcript* at 64. A program coordinator with Community Corrections who was familiar with Spalding testified that Spalding would not be successful in her program because he does not have the "drive to do better" and is not ready to change his thinking. *Id*. at 73. At the conclusion of the

hearing, the trial court revoked Spalding's probation and ordered him to serve his entire three-year suspended sentence in the DOC. Spalding now appeals.

## Discussion & Decision

Spalding argues that the trial court abused its discretion when it ordered him to serve his three-year suspended sentence in the DOC. Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied*. Where a trial court has exercised its grace by granting a defendant probation in lieu of incarceration, it has considerable leeway in deciding how to proceed when the defendant then violates the conditions of his probation. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Thus, the sanction imposed by the trial court upon a finding of a probation violation is reviewed on appeal for an abuse of discretion. *Brandenburg v. State*, 992 N.E.2d 951, 953 (Ind. Ct. App. 2013), *trans. denied*. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. Although the court has several alternative sanctions it may impose where it has found that a defendant has violated his probation, one of those sanctions is to order execution of all or part of the sentence that was suspended at the time of initial sentencing. *Id*.; *see also* Ind. Code § 35-38-2-3(h)(3).

In arguing that the trial court abused its discretion in ordering that he serve the entirety of his suspended sentence in the DOC, Spalding asserts that the trial

court did not adequately appreciate that he "accepted full responsibility for his actions by admitting his violations." *Appellant's Brief* at 12. He also maintains that the trial court did not afford sufficient mitigating weight to his assertion that having recently been blessed with two children, he was now "absolutely willing to throw in the white flag and change [his] life." *Transcript* at 85.

[11] Here, the record reflects that Spalding's daughter was born in 2013 and that his son was born in 2015. As appropriately noted by the trial court, Spalding's conduct since the birth of his children belies his assertion that he has changed his outlook on life and wants to move away from his destructive behavior. To be sure, even after the birth of his daughter, Spalding failed numerous drug screens and did not initiate substance abuse treatment. Spalding was also arrested four times for additional offenses, the most recent being shortly after the birth of his son. Clearly, his children have not provided sufficient incentive for Spalding to change his behavior.

[12] Spalding also directs us to a general sentencing standard that requires a trial court to consider a defendant's willingness to plead guilty as a mitigating circumstance. *See, e.g., Scheckel v. State*, 655 N.E.2d 506, 511 (Ind. 1995). As Spalding acknowledges, however, "[t]his requirement has never been extended to an admission in a probation revocation case." *Appellant's Brief* at 12. Nonetheless, in light of this consideration, he requests that we reverse the trial court's revocation order and remand with instructions to reinstate one year of his suspended sentence.

[13]     The principle that Spalding borrows from criminal sentencing is a poor fit for probation revocation proceedings.[1]  In any event, we note that even in criminal sentencing, the trial court is required to identify only significant mitigating circumstances.  *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.  A guilty plea is not always a significant mitigator.  *See Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999).  To be sure, "a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one."  *Powell v. State*, 895 N.E.2d 1259, 1262-63 (Ind. Ct. App. 2008) (citing *Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*.

[14]     Here, there was overwhelming evidence to support the revocation of Spalding's probation.  Thus, his decision to admit to the probation violations was likely pragmatic and not indicative that he was taking responsibility for his actions.  Rather, like his claim that his children have changed him, his decision was most likely an attempt to gain favor with the court.  Thus, even if the sentencing

---

[1] In the criminal context, where the State has to prove the defendant's guilt beyond a reasonable doubt, a defendant who pleads guilty "sav[es] the court time and resources and spar[es] the victim's family from enduring a full-blown trial."  *Scheckel v. State*, 655 N.E.2d at 511.  Thus, by pleading guilty, the defendant extends a substantial benefit to the State and in return, a defendant deserves to have some mitigating weight extended to his guilty plea.  *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005).  In a probation revocation proceeding, however, the State only has to prove a violation by a preponderance of the evidence.  *Heaton v. State*, 984 N.E.2d 614, 617 (Ind. 2013).  Thus, a probationer who admits his violation extends a less significant benefit to the State.

standard were applicable in a probation revocation proceeding, Spalding would not benefit therefrom.

[15] Spalding has been afforded leniency and other benefits relating to previous probation violations in this case and yet he squandered them by continuing to use drugs and commit crimes, in addition to violating other terms of his probation. Spalding has not demonstrated that the trial court abused its discretion in ordering that he serve his three-year suspended sentence in the DOC.

[16] Judgment affirmed.

[17] Bailey, J. and Bradford, J., concur.