## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2020, 10:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
Navarre, Florida

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Franklin Powell,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 28, 2020

Court of Appeals Case No.
19A-CR-1913

Appeal from the LaPorte Circuit Court

The Honorable Thomas Alevizos, Judge

The Honorable Pamela S. Munsey, Magistrate

Trial Court Cause No.
46C01-1808-F6-961

**May, Judge.**

[1] Franklin Powell appeals his two-year sentence for Level 6 felony theft with a prior conviction.[1] Powell raises two issues on appeal, which we restate as: (1) whether his sentence is inappropriate in light of the nature of his offense and his character; and (2) whether the trial court abused its discretion when the Magistrate failed to consider purported mitigating circumstances and the Judge's prior statements. We affirm.

# Facts and Procedural History

[2] On August 27, 2018, a La Porte County ("LPC") Sergeant received a phone call from a Valparaiso Police Department ("VPD") Detective about an enclosed trailer that had been recovered after being reported stolen. The trailer was purchased from Powell on August 24, 2018. The purchaser was suspicious of the trailer, so he had a North Judson police officer—with whom he has a familial relationship —conduct a license plate check on the trailer, and the report indicted the VPD had received a report that the trailer had been stolen. With the VPD detective's knowledge, the purchaser set up a meeting to purchase a second trailer from Powell, believing that trailer also to be stolen.

[3] At the scene of the purchase, Powell was detained with a black spray painted, enclosed trailer attached to his pickup truck. The officers could not locate any VIN numbers on the trailer, but they located two holes where the VIN plate

---

[1] Ind. Code § 35-43-4-2(a)(1)(C).

was previously fastened. Since they could not identify the trailer as stolen without the VIN numbers, the officers decided to transport Powell to the LPC Sheriff's office. A detective later made contact with the owner of the trailer who positively identified the trailer by telling the detective that "there was a black tool box fixed by 2X4s to the front interior of the trailer, along with a weight on the floor." (App. Vol. II at 22.) Also, the detective conducted a criminal history search on Powell and found he was previously convicted for theft.

[4] On August 28, 2018, a detective was monitoring inmate phone calls placed in the LPC Jail and heard Powell instructing his family to sell a lawnmower. Because Powell was a suspect in multiple thefts, the detective went to Powell's family's registered address to inspect the lawnmower. The detective found the lawnmower's serial number, and contacted the store manager to find out who bought it. The detective obtained the purchaser's contact information, and the purchaser informed him that the lawnmower had been inside the same trailer that he reported stolen to the VPD on August 24.

[5] On August 28, 2018, the State charged Powell with Level 6 felony theft and Level 6 felony theft with a prior conviction. On September 7, 2018, a public defender accepted appointment and filed appearance. On September 11, 2018, the State filed a motion to amend information by adding Level 6 felony dealing

in altered property[2] and Level 6 felony attempted dealing in altered property.[3] The trial court granted the State's motion to amend charges.

[6] On November 7, 2018, the State offered Powell a plea agreement with the following terms:

> a. Defendant agrees to enter a plea of guilty to [t]heft, Level 6 [f]elony.
> b. The [d]efendant shall be sentenced to 2.5 years in the [LPC] Jail.
> c. Defendant may serve 1 year of his sentence in the [LPC] Community Corrections Work Release Program, so long as he is eligible and compliant.
> d. Defendant may serve the remaining balance of his sentence in the [LPC] Community Corrections GPS Program, so long as he is eligible and compliant.
> e. The [d]efendant's sentence shall be consecutive to any sentence imposed in 46C01-1507-F5-577.
> f. The [d]efendant shall pay restitution in the amount of $500 to Ed Whitcomb Carpet & Tile as a condition of his placement in Work Release.
> g. The [d]efendant shall pay a $1.00 fine and [c]ourt costs of $185.00.
> h. The State shall dismiss the remaining charges in this Cause.

(App. Vol. II. at 120-21.) The plea agreement called for Community Corrections consideration. On November 27, 2018, Community Corrections reported that there was no appropriate placement in Community Corrections

---

[2] Ind. Code § 35-43-4-2.3(b).

[3] Ind. Code § 35-41-5-1 (attempt); Ind. Code § 35-43-4-2.3 (dealing in altered property).

for Powell.[4]  On May 31, 2019, Powell pled guilty to Level 6 felony theft with a prior conviction and left sentencing up to the court.  On June 12, 2019, the trial court sentenced Powell to two years in the Indiana Department of Correction, with sixty-five days of credit under Class I.  On the same day, the State moved to dismiss the remaining charges, and the court granted the motion.

# Discussion and Decision

## Inappropriate Sentence

[7]  Powell asserts his sentence is inappropriate.  Under Indiana Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we determine the sentence is inappropriate in light of the nature of the offense and the character of the offender.  *Adams v. State*, 120 N.E.3d 1058, 1064 (Ind. Ct. App. 2019).  We consider aggravating, mitigating, and any other factors appearing in the record.  *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013).  Our goal is to decide whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate.  *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*.  Powell bears the burden of demonstrating his sentence is inappropriate.  *See Childress v. State*, 848

---

[4] In the transcript, Counsel for Powell stated the court rejected the plea agreement offer.  (Tr. Vol. II at 6.) However, the appendix reveals that Powell was ineligible for Community Corrections placement because he had two probation revocations and owed $100 in fees.  (App. Vol. II at 134.)

N.E.2d 1073, 1080 (Ind. 2006) ("defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review").

[8]     When considering the nature of the offense, we start by looking at the advisory sentence to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). The sentencing range for a Level 6 felony is "a fixed term of between six (6) months and two and one half (2 ½) years" with a one-year advisory sentence. Ind. Code § 35-50-2-7(b). Powell was sentenced to two years, which he contends is inappropriate because his "offense was related to [his] substance abuse issues." (Appellant's Br. at 12.)

[9]     Powell stole two box trailers valued over $1000 each and a lawnmower valued overt $5800, and he had a prior conviction for Level 6 felony theft. (App. Vol. II at 90, 132.) Though Powell admits he has a substance abuse problem, Powell does not explain the alleged relationship between his offense and his substance abuse issues. As such, he has failed to explain why his sentence is inappropriate for his crime. *See Reis v. State*, 88 N.E.3d 1099, 1105-06 (Ind. Ct. App. 2017) (defendant failed to advance an argument regarding why his sentence is inappropriate in consideration of his alcohol problem).

[10]    When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. Powell's criminal history consists

of: (1) juvenile adjudications such as criminal mischief; false informing; leaving home without permission of parent, guardian, or custodian; habitual disobedience of parent, guardian or custodian; failure to return to lawful detention; burglary; truancy; theft; and auto theft; (2) misdemeanors such as conversion; false informing; and theft; and (3) felonies such as burglary; receiving stolen property; theft—aiding, inducing, or causing an offense; and larceny.

[11] Powell contends that this offense was related to his substance abuse issue, that he has taken responsibility for his actions, that he has shown remorse, and that he wants to address his substance abuse issues. However, Powell has an extensive criminal history that includes similar crimes. Furthermore, he has a history of unsatisfactorily releases from probation. Given Powell's criminal history and probation revocation history, we cannot say that the sentence is inappropriate for his character. *See Rasnick v. State*, 2 N.E.3d 17, 29 (Ind. Ct. App. 2013) (defendant's sentence not inappropriate when the facts in the case and defendant's criminal history "strongly support the trial court's sentencing judgment"), *trans. denied*.

## Abuse of Discretion

[12] Powell also claims the trial court abused its sentencing discretion by disregarding: (1) his plea of guilty, (2) his remorse, (3) his need for drug treatment, and (4) the Judge's statements prior to his plea entry. Sentencing decisions "'rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion.'" *McElfresh v. State*, 51 N.E.3d 103,

107 (Ind. 2016) (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007)). An abuse of discretion occurs if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Lewis v. State*, 31 N.E.3d 539, 541-42 (Ind. Ct. App. 2015).

[13]    A trial court may abuse its sentencing discretion by finding reasons not supported by the record. *Anglemyer*, 868 N.E.2d at 490. We review "the court's finding of aggravators and mitigators to justify a sentence, but we cannot review the relative weight assigned to those factors." *Baumholser v. State*, 62 N.E.3d 411, 416-17 (Ind. Ct. App. 2016) (citing *Anglemyer*, 868 N.E.2d at 490-91), *trans. denied*. When reviewing the aggravating and mitigating circumstances in the sentencing order, we will remand only if "the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record, and advanced for consideration, or the reasons given are improper as a matter of law." *Id.* The court "is neither obligated to accept the defendant's arguments as to what constitutes a mitigating factor nor required to give the same weight to a proposed mitigating factor as does the defendant." *Hunter v. State*, 72 N.E.3d 928, 935 (Ind. Ct. App. 2017). On appeal, the defendant must "establish that the mitigating evidence is both significant and clearly supported by the record." *Id.*

[14]    Powell argues the trial should have considered his guilty plea as a mitigating factor. "While the trial court must assess the potential mitigating weight of a

guilty plea, the significance of a guilty plea varies from case to case." *Jackson v. State*, 973 N.E.2d 1123, 1131 (Ind. Ct. App. 2012), *trans. denied*. Here, Powell relies on *Sipple v. State*, which states that "a guilty plea should be accorded significant mitigating weight" when: (1) it "'saves the State the time and expense inherent in a lengthy trial;'" (2) it "'extends a benefit to the State and the victim's family by avoiding a full-blown trial;'" and (3) the defendant demonstrates "'acceptance of responsibility of a crime.'" 788 N.E.2d 473, 483 (Ind. Ct. App. 2003) (quoting *Trueblood v. State*, 715 N.E.2d 1242, 1257 (Ind. 1999), *rev'd on other grounds* 301 F.3d 784 (7th Cir. 2002)). Powell's guilty plea satisfies the elements in *Sipple*; it saved the State time and expense, and it extended a benefit to the State and victims as well as demonstrated Powell's acceptance of responsibility for his crime. *See Felder v. State*, 870 N.E.2d 554, 558 (Ind. Ct. App. 2001) ("a guilty plea demonstrates acceptance of a responsibility for a crime and must be considered a mitigating factor") (citing *Sheckel v. State*, 655 N.E.2d 506, 511 (Ind. 1995)). However, Powell's plea is not entitled to much weight because he received a substantial benefit in return for his plea.

[15] The State charged Powell with Level 6 felony theft with a prior conviction, Level 6 felony attempted dealing in altered property, Level 6 felony dealing in altered property, and Level 6 felony theft. Powell pled guilty to only the Level 6 felony theft with a prior conviction, and the State dismissed the remaining charges. We agree with the State that Powell "received a substantial benefit in exchange for his plea." (State's Br. at 12.) The trial court did not abuse its

discretion when it did not consider Powell's guilty plea as a significant mitigating factor. *See Wells v. State*, 836 N.E.2d 479, 594 (Ind. Ct. App. 2005) ("a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one"), *trans. denied*.

[16] Powell also contends the trial court erroneously failed to see his remorse and drug treatment as significant mitigating factors. When asked why he wanted to plead guilty, Powell stated that he wanted "to get the time done," that it was "the right thing to do," and that he wanted to stay clean since it was his first time being clean. (Tr. Vol. II at 5, 9.) Powell contends those three reasons should be given weight as mitigating factors. We disagree that Powell's guilty plea and statements constitute remorse, and the record does not show anything contrary to the trial court's omission of remorse as a mitigating factor. The trial court did not abuse its discretion when it did not find Powell's remorse as a mitigating factor. *See Stout v. State*, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005) ("without evidence of some impermissible consideration by the trial court, a reviewing court will accept its determination as to remorse"), *trans. denied*.

[17] In the same manner, the trial court has discretion for the weight it gives Powell's need for drug treatment as a mitigating factor. Here, the Magistrate did not see Powell's need for drug treatment and the prior judge's statements— that the trial court would probably give him a year-and a half with the probability of serving that time on work release and would put him into a drug

treatment program (Tr. Vol. II at 10)—as mitigating factors. Just because Powell believes those two reasons should mitigate his sentence does not mean that the court should agree with that belief. *See Hunter v. State*, 72 N.E.3d 928, 935 (Ind. Ct. App. 2017) ("the court is neither obligated to accept the defendant's arguments as to what constitutes a mitigating factor nor required to give the same weight to a proposed mitigating factor as does the defendant"), *trans. denied*. The court did not abuse its discretion when it did not find any of Powell's proffered sentencing mitigators.

# Conclusion

[18] Powell failed to demonstrate that his sentence was inappropriate in light of the nature of his offense and his character. Additionally, the trial court was not obliged to accept Powell's proffered mitigators and did not abuse its discretion when it sentenced Powell to two years. Accordingly, we affirm.

[19] Affirmed.

Crone, J., and Pyle, J., concur.