

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Matheny, Hahn, Denman & Nix, L.L.P.
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Zachery L. Lewis,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Plaintiff* | April 28, 2015<br><br>Court of Appeals Case No.<br>35A05-1410-CR-496<br><br>Appeal from the Huntington Superior Court<br><br>The Honorable Jeffrey R. Heffelfinger, Judge<br><br>Cause No. 35D01-1407-F6-196 |

**Najam, Judge.**

## Statement of the Case

[1]     Zachery L. Lewis appeals his sentence following his convictions for two counts of battery, one as a Level 6 felony, and one as a Class A misdemeanor.  Lewis

presents three issues for our review, which we consolidate and restate as the following two issues:

1.    Whether the two batteries constitute an episode of criminal conduct under Indiana Code Section 35-50-1-2(c).

2.    Whether the trial court abused its discretion when it sentenced him.

We affirm.

## Facts and Procedural History

On July 24 and 25, 2014, Lewis and his live-in girlfriend, Kelsey Cohen, engaged in a protracted and heated argument. Cohen finally went to sleep at approximately 6:00 a.m. on July 25. At approximately 9:00 that morning, Cohen awoke to find Lewis holding a hot hair straightening tool against her thigh, which burned her skin. And Cohen later discovered that Lewis had shaved off a portion of one of her eyebrows while she slept.

Later on July 25, Cohen went to the home of a friend, Jacque Stephan. And at approximately 11:00 or 11:30 that night, Lewis went to Stephan's house to see Cohen. Cohen and Stephan, who were inside the house, heard Lewis yelling Cohen's name from outside. Cohen and Stephan went outside and told Lewis to leave, but he refused. Stephan again asked Lewis to leave, and he pushed her to the ground. Stephen's body struck two parked cars as she fell, and she sustained injuries.

[4] The State charged Lewis with two counts of battery, one as a Level 6 felony and one as a Class A misdemeanor.[1] A jury found him guilty as charged. The trial court entered judgment of conviction accordingly and sentenced Lewis to two and one-half years for the Level 6 felony and one year for the Class A misdemeanor, to be served consecutively, for an aggregate term of three and one-half years. This appeal ensued.

## Discussion and Decision

### *Issue One: Episode of Criminal Conduct*

[5] Lewis first contends that the two batteries constitute an episode of criminal conduct. Indiana Code Section 35-50-1-2(c) provides in relevant part that, except for crimes of violence, the total of the consecutive terms of imprisonment to which the defendant is sentenced for multiple felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony that is one class of felony higher than the most serious of the felonies for which the person has been convicted. "Episode of criminal conduct" means offenses or a connected series of offenses that are closely related in time, place, and circumstance. I.C. § 35-50-1-2(b). Lewis maintains that, because the advisory sentence for a felony that is one level

---

[1] The Level 6 felony charge stemmed from the battery against Cohen, and the Class A misdemeanor charge stemmed from the battery against Stephan.

higher than a Level 6 felony is three years,[2] the trial court erred when it imposed an aggregate sentence of three and one-half years. We do not agree.

[6] Initially, we note that, effective July 1, 2014, our sentencing guidelines have replaced "classes" of felonies with "levels" of felonies. *See, e.g.*, Ind. Code § 35-50-2-4. But our legislature has not revised Indiana Code Section 35-50-1-2 to refer to "levels" of felonies instead of "classes" of felonies. This is obviously an oversight and does not affect the applicability of Indiana Code Section 35-50-1-2 to the sentences imposed for felonies committed on or after July 1, 2014.[3]

[7] Lewis' contention on this issue is without merit. Indiana Code Section 35-50-1-2(c) only applies to sentencing for "multiple felony convictions." Here, Lewis was convicted of one felony and one misdemeanor. Thus, even if Lewis' offenses constituted an episode of criminal conduct, which they do not,[4] the statutory sentencing limit would not apply. The trial court did not err when it imposed an aggregate sentence of three and one-half years.

---

[2] Indiana Code Section 35-50-2-6(b) provides in relevant part that the advisory sentence for a Level 5 felony is three years.

[3] We note that there is legislation pending in the General Assembly that would, in relevant part, eliminate the use of the term "class" in Indiana Code Section 35-50-1-2. *See* S.B. 559, 119th Gen. Assemb., Reg. Sess. (Ind. 2015).

[4] The evidence shows that the batteries occurred more than twelve hours apart at two different locations and involved two different victims. A complete account of one of the batteries can be given without referring to the other offense. *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind. Ct. App. 1995). Thus, Lewis' crimes do not constitute an episode of criminal conduct.

### *Issue Two: Abuse of Discretion in Sentencing*

[8]     Lewis next contends that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id.* at 490-91.

[9]     Lewis contends that the trial court abused its discretion when it sentenced him because, he maintains, the court did not make a reasonably detailed sentencing statement. In particular, Lewis asserts that: (1) the trial court did not adequately identify an aggravating circumstance to support the imposition of an enhanced sentence for the Level 6 felony conviction; and (2) the court did not

articulate a reason for imposing consecutive sentences. We address each contention in turn.

[10] The trial court's written sentencing statement did not provide any explanation for the imposition of the enhanced sentence or consecutive sentences. But, at the conclusion of the sentencing hearing, the trial court stated as follows:

> The Court incorporates, this [sic] is a previous [pre-sentence investigation report,] and the Court incorporates it into this sentencing hearing. You have one adjudication as a juvenile . . . that was a battery. You have two (2) prior felonies, ten (10) prior misdemeanors, [and] four (4) petitions to revoke [probation]. Of your adjudications, both as a juvenile and as an adult, you have seven (7) prior batteries, two (2) intimidations, and one (1) resisting law enforcement. For those reasons, on Count one (1), you are sentenced to [two and a half (2 1/2) years on the level 6 felony, and] for Count two (2), you are sentenced to . . . one (1) year on the Class A misdemeanor. . . . The Court orders it [sic] run consecutive to each other.

Tr. at 186-87.

[11] In *Anglemyer*, 868 N.E.2d at 490, our supreme court stated that,

> [i]n order to facilitate its underlying goals, *see Abercrombie[ v. State*, 275 Ind. 407, 417 N.E.2d 316, 319[ (1981)[5]], the

---

[5] In *Abercrombie*, our supreme court explained that,

> when the sentencing judge is required to make a statement of the reasons for imposing a particular sentence, two important goals are served. First, the judge is confined to proper grounds for either increasing or decreasing the presumptive sentence provided for the offense; and, second, the appellate court is enabled to determine the reasonableness of the sentence imposed, under the circumstances.

[sentencing] statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating.

[12] Here, in its oral sentencing statement, the trial court identified no mitigators[6] and a single aggravator, namely, Lewis' extensive criminal history.[7] And the trial court described Lewis' criminal history with an emphasis on prior offenses relevant to the instant batteries. While the trial court's sentencing statement lacked detail, it was sufficiently detailed to support Lewis' enhanced sentence for a Level 6 felony. *See, e.g.*, *Mayes v. State*, 744 N.E.2d 390, 396 (Ind. 2001) (noting that, when a defendant's criminal history is used as an aggravating factor to support an enhanced sentence, the trial court must recite the incidents comprising the criminal history).

---

But a statement of reasons for imposing a particular sentence serves numerous other goals beyond the two primary goals. An attempt by the sentencing judge to articulate his reasons for a sentence in each case should in itself contribute significantly to the rationality and consistency of sentences. A statement by the sentencing judge explaining the reasons for commitment can help both the defendant and the public understand why a particular sentence was imposed. An acceptance of the sentence by the defendant without bitterness is an important ingredient in rehabilitation, and acceptance by the public will foster confidence in the criminal justice system.

417 N.E.2d at 319 (citation omitted).

[6] Lewis does not contend that the trial court abused its discretion when it did not identify any mitigators.

[7] We agree with the State that the trial court's failure to use the word "aggravator" is not fatal to its sentencing statement. It is clear that the trial court imposed an enhanced sentence based on Lewis' criminal history.

[13] However, our supreme court has "emphasized that[,] before a trial court can impose a consecutive sentence, it must articulate, explain, and evaluate the aggravating circumstances that support the sentence." *Monroe v. State*, 886 N.E.2d 578, 580 (Ind. 2008). Here, in imposing Lewis' sentence, the trial court described his criminal history and merely concluded that, "[f]or those reasons," it was imposing the enhanced sentence on the Level 6 felony and ordering the two sentences to run consecutively. Tr. at 186.

[14] While a single aggravator may be used both to enhance a sentence and impose consecutive sentences, *Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012), the trial court's brief sentencing statement here lacked specificity. But we need not remand for resentencing because the rationale for consecutive sentences is apparent on the face of the record. Here there were two victims, and it is well settled that "injury to multiple victims" supports the imposition of consecutive sentences. *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001). Given Lewis' extensive criminal history, including four probation violations, and the fact that Lewis committed batteries against two victims, we are confident that the trial court would have imposed the same sentence had it more fully articulated its reasons for imposing consecutive sentences. And we need not remand for resentencing if we can say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. *See, e.g.*, *Anglemyer*, 868 N.E.2d at 491. The trial court did not abuse its discretion when it sentenced Lewis.

[15] Affirmed.

Mathias, J., and Bradford, J., concur.