## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2016, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher M. Castillo, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 23, 2016 <br><br> Court of Appeals Case No. 45A05-1512-CR-2115 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Samuel L. Cappas, Judge <br><br> The Honorable Kathleen B. Lang, Senior Judge <br><br> Trial Court Cause No. 45G04-1505-FC-7 |

**Robb, Judge.**

# Case Summary and Issues

[1] Christopher Castillo pleaded guilty to theft as a Class D felony and the trial court sentenced him to two years in the Indiana Department of Correction. Castillo appeals his sentence, raising two issues for our review: (1) whether the trial court abused its discretion in sentencing him, and (2) whether Castillo's sentence is inappropriate in light of the nature of the offense and his character. Concluding the trial court did not abuse its discretion and Castillo's sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] On March 25, 2014, Castillo opened a checking account at the Main Source Bank in Lake County, depositing $65.00 into the account. A week after opening the account, Castillo had withdrawn the $65.00. Over the course of the following weeks, Castillo made several transactions on the account, leaving it with a negative balance of $889.50.

[3] On May 4, 2015, the State charged Castillo with fraud on a financial institution as a Class C felony. The State later amended the charging information to include a charge of theft as a Class D felony. On September 22, 2014, Castillo entered into a plea agreement with the State whereby he agreed to plead guilty to theft as a Class D felony in exchange for the State dismissing the fraud charge. The agreement left the sentence to the discretion of the trial court. The

trial court accepted the plea, ordered a pre-sentence investigation report, and scheduled a sentencing hearing.

[4] The pre-sentence investigation report indicates Castillo has prior convictions for public intoxication, operating a vehicle while intoxicated endangering a person, residential entry, and two counts of theft.[1]  At the sentencing hearing, the State argued Castillo's criminal history was an aggravating circumstance.  Castillo argued his employability was a mitigating circumstance.  The trial court sentenced Castillo to two years in the Department of Correction.  This appeal ensued.

# Discussion and Decision

## I.  Sentencing Discretion

[5] We review a trial court's sentencing decision for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218.  An abuse of discretion occurs when the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (citation omitted).  A trial court may abuse its discretion by failing to enter a sentencing statement, finding aggravating or mitigating circumstances

---

[1] The report further indicates Castillo pleaded guilty to fraud as a Level 6 felony under another cause number, but had yet to be sentenced.

unsupported by the record, omitting aggravating or mitigating circumstances supported by the record, or noting reasons that are improper considerations as a matter of law. *Id.* at 490-91. "Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

[6] Castillo contends the trial court abused its discretion in sentencing him because the trial court did not make a reasonably detailed sentencing statement. Specifically, Castillo asserts (1) the trial court failed to identify two mitigating circumstances, and (2) the trial court did not adequately detail his criminal history as an aggravating circumstance. At the sentencing hearing, the State detailed Castillo's criminal history in support of its request the trial court sentence him to two years in prison.[2] Castillo requested the court consider his employability as a mitigating circumstance. In its sentencing statement, the trial court stated,

> Mr. Castillo, you may well have some skills and the potential to work in the steel industry, but you certainly haven't availed yourself of that, it's a lot of criminal history here, it's a lot of things going on that would seem to indicate that you are a danger to the community in terms of financial crimes. Also, repeated criminal history here, as I said, you completed several jail sentences. And also, they occurred in more than one county

---

[2] "A person who commits a Class D felony . . . shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½) years." Ind. Code § 35-50-2-7(a).

> . . . .
>
> * * *
>
> As a result, you will be sentenced to two years in the Department of Correction, fully executed.

Transcript at 19-20.

[7] At the outset, we note the trial court is not required to use the terms "aggravating" or "mitigating" in its sentencing statement. *See Lewis v. State*, 31 N.E.3d 539, 543 n.7 (Ind. Ct. App. 2015). As to the mitigating circumstances, Castillo contends the trial court erred in failing to identify his guilty plea and employability as mitigating circumstances. Castillo did not argue before the trial court his guilty plea was a mitigating circumstance and the trial court did not identify Castillo's guilty plea as a mitigating circumstance. In such a case, Castillo is not precluded from raising the issue for the first time on appeal, *see Anglemyer*, 875 N.E.2d at 220, but on appeal must "establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant[,]" *id*. at 221. The significance of a guilty plea as a mitigating factor varies from case to case. *Id*. "For instance, a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea . . . ." *Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*. Here, Castillo received a substantial benefit from his plea agreement because the State agreed to dismiss a count of fraud on a financial institution as a Class C felony in exchange for Castillo's plea. *See* Ind. Code § 35-50-2-6(a) (providing a sentence for a Class C felony is a fixed term between two and eight years with the advisory sentence being four years).

[8] Castillo also argued he has "some skills" and should have "good prospects with regard to getting another job and being able to work . . . ." Tr. at 19. As noted above, the trial court acknowledged Castillo may possess "some skills and the potential to work in the steel industry," but noted Castillo failed to take advantage of that potential. Although it did not specifically use the term "mitigating," it is clear the trial court acknowledged Castillo's proposed mitigating circumstance and assigned it little, if any, weight because Castillo possessed certain skills and failed to properly utilize them. Therefore, we cannot agree the trial court abused its discretion in not identifying Castillo's guilty plea and employability as mitigating circumstances.

[9] As to the aggravating circumstance, Castillo argues the trial court did not enter a reasonably detailed sentencing statement addressing his criminal history as an aggravating circumstance sufficient to support an enhanced sentence. When imposing a sentence in a felony case in which the trial court has identified aggravating or mitigating circumstances, the trial court must provide a reasonably detailed sentencing statement explaining its reason for imposing the sentence. *Guzman v. State*, 985 N.E.2d 1125, 1131 (Ind. Ct. App. 2013). Here, the trial court reviewed the pre-sentence investigation report and the State detailed Castillo's criminal history when requesting the trial court sentence Castillo above the advisory term. Although the trial court could have been more specific in addressing Castillo's criminal history, it is clear after reviewing the sentencing transcript in its entirety that the trial court found his criminal

history to be an aggravating circumstance. We conclude the trial court did not abuse its discretion in sentencing Castillo.[3]

## II. Inappropriate Sentence

[10] Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Finally, we note the principal role of appellate review is to "leaven the outliers," not achieve the perceived "correct" result in each case. *Id*. at 1225.

[11] Castillo contends his sentence is inappropriate in light of the nature of the offense and his character. Castillo was convicted of theft as a Class D felony. The advisory sentence is the starting point the legislature selected as an

---

[3] We note even if a trial court abuses its discretion by not issuing a reasonably detailed sentencing statement, we may choose to review the appropriateness of a sentence under Indiana Appellate Rule 7(B) instead of remanding to the trial court. *See Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007). Here, Castillo has already requested we review the appropriateness of his sentence, and as discussed *infra* Part II., we conclude his sentence is not inappropriate. Therefore, even assuming the trial court abused its discretion in not issuing a reasonably detailed sentencing statement, remand is not necessary.

appropriate sentence for the crime committed. *Anglemyer*, 868 N.E.2d at 494. Pursuant to Indiana Code section 35-50-2-7(a), "A person who commits a Class D felony . . . shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½) years." The trial court sentenced Castillo to two years in the Department of Correction. Castillo did not just overdraw his account on one occasion, but he consistently and intentionally drew amounts over what he had deposited. As to his character, Castillo has five prior convictions, two of which are for theft. It is apparent Castillo has not learned from his past run-ins with the law. Therefore, we are not persuaded his sentence inappropriate.

# Conclusion

[12] The trial court did not abuse its discretion in sentencing Castillo and Castillo's sentence is not inappropriate in light of the nature of the offense and his character. Therefore, we affirm his sentence.

[13] Affirmed.

Najam, J., and Crone, J., concur.