## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 29 2016, 5:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Gary A. Cook<br>Peru, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Karl Scharnberg<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jackie Butler,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 29, 2016<br><br>Court of Appeals Case No.<br>34A05-1512-CR-2240<br><br>Appeal from the Howard Superior Court<br><br>The Honorable George A. Hopkins, Judge<br><br>Trial Court Cause No.<br>34D04-1504-F4-80 |

**Altice, Judge.**

**Case Summary**

[1] Jackie Butler pleaded guilty to unlawful possession of a firearm by a serious violent felon, a Level 4 felony. The trial court sentenced Butler to six years imprisonment and ordered the sentence to be served consecutive to the sentence imposed in another cause. On appeal, Butler challenges the sentence imposed.

[2] We affirm.

## Facts & Procedural History

[3] On June 16, 2015, the State charged Butler with Count I, unlawful possession of a firearm by a serious violent felon, a Level 4 felony, and Count II, resisting law enforcement, a Class A misdemeanor. The State subsequently filed a notice of intent to seek habitual offender status. On November 6, 2015, Butler pled guilty to Count I, and in exchange, the State agreed to dismiss Count II and the habitual offender allegation. Pursuant to the plea agreement, sentencing was left to the trial court's discretion.

[4] On November 20, 2015, the trial court accepted Butler's plea and then conducted a sentencing hearing. During the hearing, Butler presented evidence that the heart surgery he had undergone in June 2014 changed his personality and made him moodier. Butler also argued that the heart surgery caused him to suffer depression and feelings of inadequacy due to his diminished capacity and urged the trial court to consider such to be mitigating factors. Butler also stressed that he did not use the gun or show it to anyone. Ultimately, Butler requested the trial court to sentence him to ten years, with four years suspended to probation or home detention. The probation officer who prepared the pre-

sentence investigation report (PSI) recommended a ten-year sentence with eight years executed and two years suspended to supervised probation.  The State urged the court to accept the probation officer's recommendation.  The trial court sentenced Butler to the advisory sentence of six years,[1] all executed.

## Discussion & Decision

Butler frames the issue as whether the trial court erred in sentencing him to six years.  Within his argument, he challenges the trial court's findings relating to mitigating factors and also notes evidence weighing on his character, seemingly suggesting that his sentence is also inappropriate.

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion.  *Lewis v. State*, 31 N.E.3d 539, 541 (Ind. Ct. App. 2015).  One way in which a trial court may abuse its discretion is with a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration.  *Id*. at 542.  A trial court, however, need not consider proffered mitigating circumstances that are highly disputable in nature, weight, or significance.  *Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006), *clarified on reh'g*, 858 N.E.2d 238.  On appeal, the burden rests with Butler to establish that the mitigating evidence is

---

[1] *See* Ind. Code § 35-50-2-5.5 ("[a] person who commits a Level 4 felony shall be imprisoned for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years").

both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999).

[7] Butler first argues that the trial court failed to take into consideration his change in behavior, depression, and feelings of inadequacy that followed his heart surgery. We note that in its sentencing statement, the trial court acknowledged that from the evidence presented at the hearing, Butler did "need some help." *Transcript* at 40. The trial court qualified this statement, noting its concerns that Butler would not follow through with services now given his failure to follow through with services in the past. In the context of his main argument during the sentencing hearing, we find the trial court's statement to be directed, in part, to Butler's claims of depression and feelings of inadequacy. We also note that in the PSI, it was noted that Butler requested treatment for mental health issues, as well as services for substance abuse. The trial court was simply not convinced that Butler's mental health issues were a significant mitigating factor. We find no abuse of discretion in this regard.

[8] Butler also argues that the trial court failed to find his guilty plea to be a mitigating circumstance. A defendant who pleads guilty deserves some mitigating weight be given to the plea in return. *Anglemyer v. State*, 875 N.E.2d 218, 220 (2007). The significance of a guilty plea as a mitigating factor varies from case to case. *Id*. Here, in exchange for his guilty plea to unlawful possession of a firearm by a serious violent felon, the State agreed to dismiss a resisting law enforcement charge and a habitual offender allegation. Butler thus benefited from his decision to plead guilty.

[9] With regard to acceptance of responsibility aspect of pleading guilty, we note that Butler, who has eight prior felony convictions, was found in possession of a handgun. In light of the evidence against him and the benefits extended to him by the State, Butler's decision to plead guilty was more likely the result of pragmatism than an acceptance of responsibility. Butler has not established that the trial court abused its discretion in refusing to afford significant mitigating weight to his guilty plea.

[10] Butler also attempts to challenge his sentence as inappropriate by reciting our standard of review for such claims and then asserting that his expression of remorse and history of depression were considerations to take into account in assessing his character. Butler, however, makes no argument relating to the nature of the offense. He has therefore waived this issue for our review. *See Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013) (holding that where defendant failed to make an argument relating to nature of the offense, challenge to appropriateness of the sentence was waived), *trans. denied*.

[11] In any event, we note that the sentence imposed was actually less than the sentence Butler requested. Indeed, Butler urged the trial court to impose a ten-year sentence with six years executed and four years suspended to probation or home detention. Butler thus essentially agreed that the six-year-executed sentence imposed by the trial court was appropriate under the circumstances.

Butler cannot now be heard to complain that his six-year sentence is inappropriate.[2]

[12] We affirm.

[13] Bradford, J. and Pyle, J., concur.

---

[2] The State argues that the six-year sentence is "inappropriately low" and requests that this court increase Butler's sentence to ten years, with six years executed and four years suspended to probation or home detention. *Appellee's Brief* at 14. Where a defendant requests appellate review and revision of a criminal sentence pursuant to the authority derived from Article 7, Sections 4 or 6 of the Indiana Constitution, the reviewing court is presented with the issue of whether to affirm, reduce, or increase the sentence imposed. *See McCullough v. State*, 900 N.E.2d 745, 750 (Ind. 2009). While we understand the State's reasons for requesting an upward revision of Butler's sentence, we respectfully decline to exercise our discretion in this case.