# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 07 2018, 5:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jessica Sue Pichon, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 7, 2018 <br><br> Court of Appeals Case No. 18A-CR-396 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Diane Ross Boswell, Judge <br><br> Trial Court Cause No. 45G03-1702-F3-11 |

**Altice, Judge.**

## Case Summary

[1] Jessica Pichon pled guilty to two counts of resisting law enforcement, one as a Level 3 felony and one as a Level 5 felony. The trial court expressly found no mitigating or aggravating circumstances but then imposed enhanced, consecutive sentences totaling fifteen years in prison. Pichon appeals, raising two issues for our review: whether the trial court abused its discretion in sentencing her without issuing a sentencing statement explaining its reasoning, and whether the aggregate sentence is inappropriate in light of the nature of the offenses and her character.

[2] We affirm.

## Facts & Procedural History

[3] After consuming their supply of crack cocaine on February 15, 2017, Pichon and her boyfriend, Donnell Howard, drove to a grocery store in East Chicago that afternoon. Pichon went inside and loaded a cart with three cases of beer and then started to leave without paying. When confronted by a store employee, she grabbed one of the cases of beer and ran to her vehicle, where Howard was waiting. A police officer tried to stop her, but Pichon jumped into the passenger seat of the vehicle and told Howard to "Go, go, go!" *Appendix Vol. 2* at 30. The officer held onto the open passenger door as Howard put the vehicle into reverse, nearly pinning the officer, and then drove forward at a high rate of speed. The officer was able to let go and avoid being run over.

[4] Another East Chicago police officer in a marked squad car with emergency lights activated followed and attempted to stop Pichon and Howard. Eventually, several Hammond police officers joined in the attempt to stop the vehicle and four to five police vehicles were in pursuit. Howard and Pichon continued at high rates of speed, made several abrupt turns, drove the wrong way on a one-way street, and jumped a median, nearly striking other vehicles and pedestrians. The vehicle pursuit came to an end after Pichon and Howard's vehicle T-boned another vehicle in an intersection. Pichon then tried to flee on foot but was unsuccessful. The thirteen-year-old passenger in the other vehicle died as a result of the collision, and the driver, her grandmother, was critically injured.

[5] The State charged Pichon with five counts of resisting law enforcement (a Level 3 felony, a Level 5 felony, a Level 6 felony, and two Class A misdemeanors), one count of Level 5 felony reckless homicide, and one count of Class A misdemeanor theft. Pichon and the State entered into a plea agreement pursuant to which she would plead guilty to resisting law enforcement as a Level 3 felony and resisting law enforcement as a Level 5 felony, and the State would dismiss the remaining charges, as well as counts under a separate cause alleging failure to register as a sex offender, a Level 6 felony. The agreement left sentencing to the trial court, "including whether [the two counts] shall be run concurrent or consecutive to each other". *Id.* at 27.

[6] At the sentencing hearing on January 17, 2018, Pichon's counsel noted that at the age of twelve Pichon had been adjudicated a delinquent in Illinois for felony

criminal sexual abuse. She violated probation a number of times and spent much of the remainder of her childhood in a juvenile correctional facility. Counsel also noted that Pichon had attempted suicide on multiple occasions, and that she suffers from several mental health disorders. Further, Pichon's parental rights to the three young children she shared with Howard had been terminated recently. Counsel asked the trial court to consider Pichon's guilty plea, her remorsefulness, her mental health, and her culpability in relation to Howard's. Counsel requested consideration as a Purposeful Incarceration offender so that Pichon could receive drug treatment while incarcerated.

[7] The State emphasized the violent nature of the crash and that there were two victims – a child who died and her seriously injured grandmother. The State noted that Pichon's biggest concern after being caught trying to flee on foot was the damage done to her own car. Relying on Pichon's active role in the offenses, her criminal and juvenile history, and her poor record on probation, the State requested the trial court impose an aggregate fifteen-year sentence.

[8] Pichon then spoke on her own behalf, taking responsibility for her actions and apologizing to the victims' family for the pain and loss she had caused. The trial court acknowledged her "very heartfelt apology." *Id.* at 41. After expressing hope that Pichon really intended to make a change, the trial court stated: "You've had a lot of opportunities and it's so unfortunate that this had to be the thing that switched the light bulb for you, because it was just a horrible, horrible accident." *Id.*

Without mentioning mitigating or aggravating circumstances, the trial court then sentenced Pichon to ten years for the Level 3 felony and five years for the Level 5 felony, to be served consecutively for a total sentence of fifteen years. The trial court recommended the sentence be served in a Purposeful Incarceration therapeutic community and noted it would consider a modification of the sentence upon successful completion of the program. In its written sentencing order, the trial court indicated that it found no mitigating or aggravating circumstances. Pichon now appeals her sentence.

## Discussion & Decision

Pichon contends that the trial court abused its sentencing discretion by entering a sentencing statement devoid of reasoning for its imposition of enhanced sentences.[1] We agree.

Ind. Code § 35-38-1-7.1(d) provides that a trial court may impose any sentence that is "authorized by statute; and permissible under the Constitution of the State of Indiana; regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Therefore, if a sentence is within the statutory range, it is subject to review only for an abuse of

---

[1] Pichon does not challenge the consecutive nature of her sentences on appeal. Rather, she specifically argues that the trial court "issued an aggravated sentence of fifteen years, going above the twelve-year advisory" without providing "specific reasoning for imposing the aggravated sentence." *Appellant's Brief* at 8.

discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007).

[12] A trial court may abuse its sentencing discretion by, among other things, failing to enter a sentencing statement or entering a statement that omits factors that are clearly supported by the record and advanced for consideration. *Id.* For an appellate court to carry out its function of reviewing the trial court's exercise of sentencing discretion, the appellate court must be advised of the reasons for the imposition of the sentence, and this necessarily requires a statement of facts "which are peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions." *Jackson v. State*, 45 N.E.3d 1249, 1251 (Ind. Ct. App. 2015) (quoting *Anglemyer*, 868 N.E.2d at 490). This is expressed in Ind. Code § 35-38-1-1.3, which requires a court pronouncing a sentence for a felony conviction to "issue a statement of the court's reasons for selecting the sentence that it imposes unless the trial court imposes the advisory sentence for the felony." When we review the sufficiency of a sentencing statement, we examine both the trial court's oral and written statements. *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012).

[13] Here, the trial court's oral sentencing statement touches, if at all, only obliquely on possible aggravating and mitigating circumstances and only in the most general terms. And the trial court's written sentencing statement explicitly states the trial court found no aggravating and no mitigating circumstances. Although this would be acceptable if the trial court had imposed the advisory sentences for Pichon's convictions, it did not do so. Pichon's conviction for

Level 3 felony resisting law enforcement carries a possible penalty of three to sixteen years, with an advisory sentence of nine years. Ind. Code § 35-50-2-5(b). The trial court sentenced Pichon to ten years for this offense. Her conviction for Level 5 felony resisting law enforcement carries a possible penalty of one to six years, with an advisory sentence of three years. I.C. § 35-50-2-6(b). The trial court imposed a sentence of five years for this offense.

[14] Based on our review of the trial court's written sentencing order and the transcript of the sentencing hearing, we conclude that the trial court did not issue a "reasonably detailed recitation" of its reasons for imposing the particular sentence and failed to address factors that were clearly supported by the record and advanced for consideration. *Anglemyer*, 868 N.E.2d at 490. Therefore, as the State appears to concede, the trial court abused its discretion.

[15] When we encounter a trial court sentencing order that does not meet the requirements of the law, we have several options. *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007). We may remand to the trial court for a clarification or new sentencing determination; we may affirm the sentence if the error is harmless; or we may exercise our authority to review and revise the sentence. *Brown v. State*, 783 N.E.2d 1121, 1129 (Ind. 2003). We find the error harmless in this case because, as set out below, the sentences imposed were not inappropriate. *See Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) ("even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*.

[16] In determining whether a sentence is inappropriate, we look to the nature of the offense and the character of the offender. *See* Ind. Appellate Rule 7(B). We may consider any factors appearing in the record when conducting this independent sentencing review. *Holloway v. State*, 950 N.E.2d 803, 806 (Ind. Ct. App. 2011). Further, whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[17] The nature of Pichon's offenses was particularly egregious and senseless. A thirteen-year-old child was killed, her grandmother was seriously injured, a police officer was nearly run over, and countless others were put at risk because Pichon and her boyfriend together decided to lead police on a high-speed chase after stealing a case of beer.[2] They did this while high on crack cocaine. After the crash, Pichon attempted to flee on foot, unconcerned about her two helpless victims. Pichon later pled guilty, but that appears to have been primarily a pragmatic decision given the strength of the evidence against her and the fact that the State dropped a number of charges and an entirely separate criminal cause involving failure to register as a sex offender.

[18] Aside from her heartfelt apology at sentencing, Pichon's character is not particularly mitigating. She has a significant juvenile history from the age of

---

[2] We do not agree with Pichon's assessment of her participation in the crimes. Although she was not the driver, her role was far from "passive" and "limited". *Appellant's Reply Brief* at 7.

twelve to adulthood, a history of violating probation, and two prior misdemeanor convictions for conversion. She was on probation at the time she committed these crimes. Additionally, Pichon was an unemployed, daily crack-cocaine user, who had not seen her three young daughters since 2015 and had her parental rights terminated in 2017.

[19] We conclude that the enhanced sentences are not inappropriate given the nature of Pichon's offenses and her character. Further, the trial court's imposition of consecutive sentences, which Pichon does not challenge, reflects well-established law that injury to multiple victims supports the imposition of consecutive sentences. *See Lewis v. State*, 31 N.E.3d 539, 543 (Ind. Ct. App. 2015) (where sentencing order lacked specificity, remand was unnecessary "because the rationale for consecutive sentences is apparent on the face of the record"; "there were two victims"). Accordingly, we affirm the consecutive sentences of ten years for the Level 3 felony and five years for the Level 5 felony, which were imposed by the trial court with a referral to the Purposeful Incarceration Program and a potential for sentence modification upon successful completion of the program.

[20] Judgment affirmed.

Najam, J., concurs.

Robb, J., dissents with opinion.

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jessica Sue Pichon,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff,* | Court of Appeals Case No.<br>18A-CR-396 |

**Robb, Judge, dissenting.**

I respectfully dissent.

I agree with the majority that the trial court abused its discretion in failing to enter a sentencing order that supports the sentence it imposed. I cannot agree, however, that the error is harmless.

Despite acknowledging the shortcomings in the trial court's sentencing statement, the majority nonetheless reviews the sentence imposed and determines it is not inappropriate because the nature of Pichon's offenses was particularly egregious, the nature of her character is not particularly mitigating, and the imposition of consecutive sentences "reflects well-established law that injury to multiple victims supports the imposition of consecutive sentences." Slip op. at ¶ 19. In conducting Appellate Rule 7(B) review of a sentence, we are

to give "due consideration" to the trial court's decision. We also assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). We must therefore give due consideration to the fact that the trial court found no aggravators in this case. The trial court did not merely fail to address the aggravating circumstances – the trial court specifically stated, "Aggravating Circumstances: None." Appendix of the Appellant, Volume Two at 76.

[4] To order a consecutive sentence, "the trial court must find at least one aggravating circumstance, and consecutive sentences are improper when aggravators and mitigators are in equipoise." *Hoeppner v. State* 918 N.E.2d 695, 699 (Ind. Ct. App. 2009). Yes, multiple victims *can* support the imposition of consecutive sentences. But I have found no case that says multiple victims *require* consecutive sentences. And the mere fact that multiple victims are obvious on the face of the record does not overcome the trial court's specific nonrecognition of that as an aggravating factor. A consecutive sentence clearly cannot stand on the findings made by the trial court and I do not believe we can unilaterally disregard the trial court's findings in this regard, even on 7(B) review.

[5] The majority cites *Lewis v. State*, 31 N.E.3d 539 (Ind. Ct. App. 2015), in support of the imposition of consecutive sentences here. In *Lewis*, the trial court imposed an above-advisory sentence for a count of felony battery and ordered it be served consecutively to a sentence for misdemeanor battery. The trial court's

written sentencing statement did not provide an explanation for the imposition of the enhanced sentence or the consecutive sentences. The trial court's oral sentencing statement did mention the defendant's extensive criminal history, however, with an emphasis on prior offenses similar to his current offenses. This court noted the trial court's sentencing order lacked specificity as to the reason for imposing consecutive sentences, and despite noting a single aggravator—here, criminal history—may both enhance a sentence and support imposing consecutive sentences, the court determined the reason for consecutive sentences was "apparent on the face of the record" in that there were two victims. *Id.* at 543. Because the trial court in *Lewis* found—or at least discussed—an aggravating circumstance that could have alone supported the sentence imposed, *Lewis* is inapposite to this case and does not justify affirming consecutive sentences in this case.

[6]     Rather, I look to *Marcum v. State*, 725 N.E.2d 852 (Ind. 2000), in which the trial court specifically found the aggravating circumstance (a crime spree) and mitigating circumstance (the defendant's youthful age) to be in balance but imposed consecutive sentences. The Indiana Supreme Court noted that to impose consecutive sentences, the trial court must find at least one aggravating circumstance and that one aggravating circumstance may be used to both enhance a sentence and justify consecutive sentences. *Id.* at 864. Although the defendant's crimes were committed against multiple victims, the court stated that "because the trial court found the aggravating and mitigating circumstances to be in balance, there is no basis on which to impose consecutive terms." *Id.*

Accordingly, the court remanded the case to the trial court with direction to impose concurrent sentences. *Id.*; *see also Wentz v. State*, 766 N.E.2d 351, 359 (Ind. 2002) (holding imposition of consecutive sentences for murder, burglary, robbery, residential entry, and auto theft against at least five victims was inappropriate where the trial court twice stated the mitigating and aggravating factors were in balance and remanding for trial court to impose concurrent sentences). We presume the Supreme Court is well aware of Appellate Rule 7(B) and harmless error standards and yet the court did not review the sentences in these cases for harmless error.

[7] Therefore, I cannot agree the trial court's error is harmless because the trial court could not impose the sentence it did on the findings it made. We cannot negate the error in an unlawful sentence by determining for ourselves the sentence is not inappropriate. Our supreme court's position is clear: where the trial court does not find an aggravating circumstance that would justify imposition of consecutive sentences, consecutive sentences are inappropriate and the proper remedy is remand for the imposition of concurrent sentences. *See Marcum*, 725 N.E.2d at 864; *Wentz*, 766 N.E.2d at 359. Because Indiana Code section 35-38-1-7.1(d) allows a trial court to impose any sentence authorized by statute regardless of the presence or absence of aggravating or mitigating circumstances, and for the reasons discussed by the majority, I do not believe the above-advisory sentences are inappropriate. However, I would remand for the trial court to order the sentences be served concurrently, for a total sentence of nine years.