## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 23 2020, 10:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth Johnson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General

Matthew J. Goldsmith
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Raul Ramirez,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 23, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1640<br><br>Appeal from the Greene Superior Court<br><br>The Honorable Dena Martin, Judge<br><br>Trial Court Cause No.<br>28D01-1807-F4-8 |

**Tavitas, Judge.**

## Case Summary

Raul Ramirez appeals his sentence, received pursuant to his guilty plea, for operating a vehicle with an alcohol concentration equivalent ("ACE") of at least .15 gram of alcohol causing death, a Level 4 felony, and two counts of operating a vehicle with ACE of at least .08 gram of alcohol causing serious bodily injury, Level 6 felonies. We affirm.

## Issue

Ramirez raises a single issue, which we restate as whether the trial court abused its discretion in using a material element of the offense as an aggravating factor.

## Facts

On May 18, 2018, Ramirez was driving a vehicle that crashed into a vehicle driven by Jeremiah Murphy with passengers Kayla Faubion and S.M., Murphy's and Faubion's four-year-old daughter. Murphy lost his life as a result of the crash. Faubion and S.M. suffered severe injuries, and S.M. was later airlifted to Riley Children's Hospital due to the severity of her injuries. Ramirez's first blood sample, provided approximately two hours after the crash, indicated an ACE of .205 gram per 100ml of blood.

Ramirez was charged with Count I, operating a vehicle with an ACE of at least .15 gram of alcohol causing death, a Level 4 felony; Count II, operating a vehicle with an ACE of at least .08 gram of alcohol causing death with a previous conviction of operating a vehicle while intoxicated within the ten years preceding the offense, a Level 4 felony; Counts III and IV, operating a vehicle

with an ACE of at least .08 gram of alcohol causing serious bodily injury, Level 6 felonies; Count V, auto theft, a Level 6 felony; and Count VI, operating a motor vehicle having never received a license with a prior conviction for the same offense, a Class A misdemeanor.

[5] On May 20, 2019, Ramirez, pursuant to a plea agreement, pleaded guilty to Counts I, III, and IV. The State dismissed Counts II, V, and VI; sentencing was left to the discretion of the trial court. While released from jail on his own recognizance due to medical needs as a result of the crash, Ramirez tested positive for drinking alcohol in violation of the trial court's order, and Ramirez's bond was revoked.

[6] The trial court held a sentencing hearing on June 17, 2019. After presentation of the evidence, the trial court's oral sentencing statement included, in relevant part:

> Also, the harm, injury, loss, or damage suffered by those in this, from this offense was significant and greater than that required to satisfy the elements of this offense. You have a small child that's lost their eyesight. You had a young lady that had multiple fractures. And Mr. Murphy lost his life and I understand that Count 1 that is one of the elements that Mr. Murphy died as a result of that, but this was a horrific crash, brought about by your consumption of alcohol and then operating a motor vehicle.

Tr. Vol. II pp. 42-43.

[7] In its written sentencing order, the trial court found as aggravating factors:

- The harm, injury, loss or damage suffered by the victims of the offense was significant and greater than the elements necessary to prove the commission of the offenses. [S.M.] suffered a fractured skull and is now almost blind in one eye. Kayla Faubion suffered multiple fractured bones [in] the crash.

- The Victim of the offense was less than 12 years of age or at least 65 years of age at the time the person committed the offense. [S.M.] was only 4 years old.

- The person has recently violated the conditions of probation, parole, community corrections placement, or pretrial release granted to the person. The Defendant violated the court's order for pretrial release in that he was not to consume any alcoholic beverages but he tested positive for alcohol while out on bond. The Defendant has also violated conditions of probation numerous times during his extensive criminal career.

- The Defendant has an extensive history of criminal and delinquent behavior. The Defendant has among his many convictions, 7 convictions for operating while intoxicated and 2 findings of delinquency for operating while intoxicated. The Defendant has a total of 26 adjudications and convictions and continues to violate the law and orders of the court.

Appellant's App. Vol. II pp. 17-18. The trial court found as mitigating factors:

(1) Ramirez's remorse; (2) Ramirez's family support and difficult childhood;

and (3) Ramirez accepted responsibility and pleaded guilty.

[8] Ramirez was sentenced on Count I to the maximum[1] of twelve years in the Indiana Department of Correction ("DOC"); and on Counts III and IV, to the maximum[2] of two and one-half years each. The sentences were ordered to run consecutively for an aggregate sentence of seventeen years in the DOC. Ramirez now appeals his sentence.

## Analysis

[9] Ramirez argues that the trial court abused its discretion by improperly using a material element of the offense as an aggravating factor. Sentencing decisions rest within the sound discretion of the trial court. *McElfresh v. State*, 51 N.E.3d 103, 107 (Ind. 2016). As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id*. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*.

[10] A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported

---

[1] The sentencing range for a Level 4 felony is between two and twelve years, with the advisory sentence being six years. *See* Ind. Code § 35-50-2-5.5.

[2] The sentencing range for a Level 6 felony is between six months and two and one-half years, with the advisory sentencing being one year. *See* Ind. Code § 35-50-2-7.

by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id*. (citing *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007)).

[11] As to aggravating factors specifically, a single aggravating circumstance may support the imposition of an enhanced sentence. *Lewis v. State,* 31 N.E.3d 539, 543 (Ind. Ct. App. 2015). If a trial court abuses its discretion by improperly considering an aggravating circumstance, we remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

[12] Ramirez argues that the trial court improperly considered Murphy's death—an element of Count I—as an aggravating factor. First, we disagree with Ramirez that the trial court considered Murphy's death as an aggravating factor while sentencing him. Although the trial court's oral sentencing statement discusses Murphy's death, in context, it appears the trial court was aware it could not consider the death an aggravating factor by its statement that it understood that the death "is one of the elements. . . ." Tr. Vol. II p. 43. Moreover, the trial court's written sentencing statement clearly omits Murphy's death as an aggravating factor.

[13] Regardless, even without this factor, we can confidently say the trial court would have imposed the same sentence. In issuing its oral sentencing statement, the trial court stated that "the greatest aggravating factor" when it

came to Ramirez's sentence was his "atrocious" criminal history. *Id.* at 43. Ramirez's pre-sentence investigation report ("PSI") indicates that Ramirez has at least twenty-six adjudications or convictions, including two adjudications as a delinquent for operating a vehicle while intoxicated, and, excluding the instant offenses, seven convictions for operating a vehicle while intoxicated.[3]

[14] While this single aggravating factor would support Ramirez's sentence, this aggravating factor in addition to the others—extensive harm to S.M. and Faubion, the age of one of the victims, and Ramirez's violation of pre-trial release conditions—support the trial court's imposition of an enhanced sentence. Ramirez has failed to demonstrate that the trial court abused its discretion in sentencing.

## Conclusion

[15] The trial court did not abuse its discretion in sentencing Ramirez. We affirm.

[16] Affirmed.

Najam, J., and Vaidik, J., concur.

---

[3] Most of Ramirez's criminal offenses were committed in Ohio.